REVISED July 11, 2008

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-40493
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ODEGREAN FONTENOT,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:05-CR-75-1

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

A jury convicted Odegrean Fontenot of being a felon in possession of a firearm. Fontenot's conviction stems from a traffic stop. He argues that the district court erred in denying his motion to suppress the evidence that led to his arrest and his ultimate conviction.

On appeal of the denial of a motion to suppress, we review factual findings for clear error and legal conclusions de novo. United States v. Nunez-Sanchez,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

478 F.3d 663, 666 (5th Cir. 2007). We view the evidence in the light most favorable to the government, the prevailing party in this case. See United States v. Alvarez, 451 F.3d 320, 329 (5th Cir. 2006), cert. denied, 128 S. Ct. 1472 (2008). All inferences are "indulge[d] . . . in favor of the district court's denial of the motion to suppress." United States v. Polk, 118 F.3d 286, 296 (5th Cir. 1997).

Fontenot's sole argument on appeal is that the traffic stop was unlawful at its outset. Whether a traffic stop constitutes a violation of a person's Fourth Amendment rights is analyzed under the standard announced in Terry v. Ohio, 392 U.S. 1 (1968). United States v. Brigham, 382 F.3d 500, 506–07 (5th Cir. 2004) (en banc). This is a two-part inquiry: "Courts first examine whether the officer's action was justified at its inception, and then inquire whether the officer's subsequent actions were reasonably related in scope to the circumstances that justified the stop." Id. at 506. "For a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion that some sort of illegal activity, such as a traffic violation, occurred, or is about to occur . . . ." United States v. Lopez-Moreno, 420 F.3d 420, 430 (5th Cir. 2005).

In this case, law enforcement officers testified that they observed Fontenot driving a vehicle that did not display a rear license plate. Upon approaching the vehicle and shining a spotlight on it, the officers could see a temporary license plate lying on the rear dashboard but could not read it. Fontenot maintains that because the temporary license plate was visible from the rear of the vehicle, the stop was unlawful.

At the time of the stop, the Texas Administrative Code (TAC) required that temporary, thirty-day cardboard license tags "be displayed in a manner that is clearly visible and legible when viewed from the rear of the vehicle." 16 TEX. ADMIN. CODE § 111.9(b); see 43 TEX. ADMIN. CODE § 17.23(d)(1) (2002). The Texas Transportation Code, which applies to the operator of the vehicle, incorporated the TAC regulations on temporary registration tags. TEX. TRANS. CODE § 503.069 (Vernon Supp. 2002). Because the transportation code requires

that temporary tags be displayed in accordance with the rules of the administrative code, the officers' stop of Fontenot's vehicle was proper in light of the fact that the paper registration tag in the rear window was not legible from the rear of the vehicle as required by Texas law. The distance at which the tag was legible is irrelevant as both officers testified that they could not read the tag until after the stop.

Accordingly, the district court's judgment is AFFIRMED.